Comptograph Co. v. Coey A. L. Co., 162 Ill. App. 467.

## Comptograph Company, Plaintiff in Error, v. Coey Automobile Livery Company, Defendant in Error.

### Gen. No. 15,640.

1. MUNICIPAL COURT—*when plaintiff entitled to non-suit.* In a trial before a jury in the Municipal Court the plaintiff is entitled to take a non-suit at any time before the jury retires.

2. BAILMENTS—*when bailee liable.* If a machine is placed with a party upon trial he is bound to exercise reasonable care for its safety and in the event of its being lost or stolen such party must show that such result was not through his fault, and failing of such showing he is liable for the value of such machine.

Error to the Municipal Court of Chicago; the Hon. ROBERT H. SCOTT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Reversed and remanded. Opinion filed June 16, 1911.

KNAPP & CAMPBELL and WILLIAM D. McKENZIE, for plaintiff in error.

No appearance for defendant in error.

MR. JUSTICE BALDWIN delivered the opinion of the court.

Plaintiff in error brought suit against defendant in error in the Municipal Court of Chicago to recover the value of an adding machine, which the Comptograph Company had theretofore delivered to the defendant in error, upon trial. About one month after such delivery a fire occurred in the place of business of defendant, and the machine was damaged. On that day, and upon the following day, and one week after the fire, the sales agent of plaintiff called upon the manager of defendant and desired to take the machine away. Again about two months later a similar effort was made to procure it and at length an express driver was sent for it, but he could not get it, and the machine was never returned, nor in any manner came into the possession of plaintiff.

Upon the trial, defendant then for the first time claimed

the machine had been removed from its possession, but it was not shown by whom, and defendant claimed not to know in whose possession it was at the time of the trial. The market value of the machine before the fire, was shown to be $375, and there was testimony that an expenditure of about $25 or $30 would have made it as good as new, and that the market value of the machine in its condition after the fire was at least $340. After the plaintiff had rested its case, the defendant moved to dismiss upon the ground that the action was one for conversion and that no demand had been shown. At the close of the argument of this motion plaintiff asked to take a non-suit, which the court refused, and entered judgment against plaintiff.

We are asked to reverse the action of the court below upon the ground (1) that the plaintiff was entitled to a non-suit and (2) that the evidence was sufficient to justify a finding for the plaintiff.

We have gone over the entire record and are of the opinion that the plaintiff in error is right in both contentions. Section 30 of the Municipal Court Act, Hurd's Statutes, 1908, page 679, reads:

"Every person desirous of suffering a non-suit on trial shall be barred therefrom unless he do so before the jury retire from the bar, or before the court, in case the trial is by the court without a jury, states its findings."

It is clear from an inspection of the record that the case had not reached the point at which the plaintiff had lost his right to a non-suit.

Upon the second proposition, we think under the evidence in this case that the court below erred in entering judgment for the defendant. The machine had been delivered to defendant for trial, and, while plaintiff cannot recover from defendant for any damage to the machine caused by the fire, it was entitled to its machine in the damaged condition. There is nothing in the record to show that the injury to the machine was caused by the negligence of defendant, and, therefore, it cannot be held liable for the damage to the machine by the fire. The evidence does show, however, that the machine was

in existence in the possession of defendant in its damaged state after the fire. It was then incumbent upon defendant to use ordinary and reasonable care in regard to the machine. The title was in the plaintiff, and if the machine could no longer, on account of its damaged condition, be used for the purpose originally intended when placed in the possession of defendant, then plaintiff had the right to have the machine returned to it, and so long as it was in possession of defendant, ordinary care must be exercised in keeping it in good condition. It is claimed by defendant that the machine had been removed from its possession, but it does not attempt to show what became of it. If it had been stolen from it, that may or may not have been due to the negligence of defendant, or if the defendant had delivered it to the wrong person, this might or might not have been negligently done. Defendant should at least satisfactorily account for the machine's whereabouts, which it failed to do. If it was not negligent, it should have introduced testimony to so show. A careful inspection of the record satisfies us that the court below erred in entering judgment for defendant, and the judgment will, therefore, be reversed and the cause remanded.

*Reversed and remanded.*